IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. 4:04-CR-113-Y |
| | § | (CIVIL NO. 4:05-CV-683-Y) |
| HAKEEM OLADUNNI | § | |

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255

Now pending before the Court is defendant Hakeem Oladunni's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, accompanied by his declaration under penalty of perjury under 28 U.S.C. § 1746. The government filed a response, and Oladunni filed a reply.

Oladunni seeks relief under 28 U.S.C. § 2255 on two grounds: that this Court abused its discretion in violation of his right to due process of law in sentencing him above the guideline range; and that he was denied the effective assistance of counsel guaranteed to him by the Sixth Amendment because counsel failed to file a notice of appeal even though he requested that counsel appeal his sentence.[1] Having carefully considered Oladunni's motion for relief under § 2255 and supporting declaration, the government's response and reply, the applicable law, and the records of this case, including the transcripts of the March 28, 2005, and April 18, 2005, sentencing proceedings, the Court determines that the motion

---

[1] To the extent Oladunni listed as a separate ground a claim of "denial of right to appeal" based upon the court of appeals' dismissal of his out-of-time appeal for lack of jurisdiction, such claim does not challenge action by this Court, and thus must be dismissed.

must be denied for the reasons stated in the government's response and as set forth herein.

With regard to Oladunni's first ground for relief, that this Court abused its discretion in assessing a sentence higher than the 8-to-14-month guideline range,[2] such claim of misapplication of the sentencing guidelines is not cognizable on collateral review.[3] Furthermore, Oladunni's challenge is factually incorrect. The Court did not increase his criminal history category by four levels. The Court did assess a sentence 10 months above the top end of the guideline range, or 24 months, but listed in its statement of reasons for a sentence outside the guidelines (i.e., not a guideline sentence with an upward departure):

> The nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1) and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A)); to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B)); [and] to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C).

Additionally, at the sentencing hearing, the Court noted:

---

[2] Due to an error in the original PSR, although the criminal history points were properly scored at 2 in the criminal history section, a criminal history category of I was improperly set out in the sentencing-options section. (December 29, 2004 PSR and January 27, 2005 Addendum). This error was expressly rectified in the March 28, 2005, amended sentencing recommendation and worksheet, and the Court continued the March 28 sentencing hearing until April 18 in order to allow defendant additional time to address the effect on the guideline range.

[3] See *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (citations omitted).

2

> This sentence is a non-guideline sentence. The maximum statutory sentence is five years. A two-year sentence is fair and reasonable because the defendant caused the loss of over $25,000. There were many victims. The victims were greatly inconvenienced by the theft of their identities, and may fairly be assumed likely to suffer inconvenience and possibly loss of credit opportunities because of incorrect credit reports and, most importantly, because the defendant was convicted in 1999 of a very similar crime in the United States District Court for the Eastern District of Pennsylvania and given a lenient sentence of 12 months' incarceration for a conspiracy that caused a loss of over $166,000. Clearly, the 12 months that he received in that case did not sufficiently impress the defendant of the seriousness and wrongfulness of his crime. (April 18, 2005, Sentencing Transcript at 6.)

Oladunni has not shown this Court's imposition of an outside-the-guidelines sentence was an abuse of discretion in violation of his right to due process of law.

Next, Oladunni contends that counsel was ineffective for failing to file a notice of appeal. In *Roe v. Flores-Ortega*,[4] the Supreme Court applied its *Strickland v. Washington*,[5] deficiency-and-prejudice test to the context of a claim of ineffectiveness on the basis of an alleged failure to file a notice of appeal. The deficiency inquiry involves a determination of whether

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular

---

[4] 528 U.S. 470 (2000).

[5] 466 U.S. 668 (1984).

3

>     defendant reasonably demonstrated to counsel that he was
>     interested in appealing.[6]

Because there was a "higher-than-guidelines" and "outside-the-guidelines" sentence in this case, there is reason to believe a rational defendant would want to appeal. Thus, under the *Flores-Ortega* framework, the Court concludes that counsel's alleged failure to consult appears to be deficient.[7]

To show prejudice in such circumstances, "a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed."[8] The Court, in *Flores-Ortega,* explained that counsel must "actually cause the forfeiture of the appeal."[9] Although Oladunni states in his declaration that "counsel failed to file a notice of appeal at my request," he does not otherwise state any facts to support this allegation, or to show that he would have timely appealed. Rather, he signed the "Notice of Right to Appeal Sentence Imposed After Plea of Guilty." In that document, Oladunni acknowledged that, should he desire to appeal, his notice of appeal had to be filed within ten days of the entry

---

[6] *Flores-Ortega,* 528 U.S. at 480.

[7] Even though Oladunni has not provided specific factual evidence that he demonstrated to counsel that he was interested in appealing in order to make a showing under the second *Flores-Ortega* deficiency alternative.

[8] *Flores-Ortega,* 528 U.S. at 484.

[9] *Id.,* 528 U.S. at 484 ("If the defendant cannot demonstrate that, but for counsel's deficient performance, he would have appealed, counsel's deficient performance has not deprived him of anything, and he is not entitled to relief.")

4

of judgment. In spite of this record of Oladunni's awareness of the time to appeal, Oladunni makes no specific factual allegation that he attempted to contact counsel or the Court, or that he took any other action to pursue an appeal. He has provided nothing more than a conclusory allegation, which is not sufficient to make out a claim.[10] Oladunni has not set forth facts to satisfy the applicable prejudice standard. As such, his claim of ineffective assistance fails.

Therefore, Hakeem Oladunni's motion for relief under 28 U.S.C. § 2255 is DENIED.

SIGNED January 31, 2007.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[10] *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000)("This Court has made clear that conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding"), *citing Ross v. Estelle,* 694 F.2d 1008, 1012 (5th Cir. 1983).

5